IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RAUL M. ACEVES,**

      **Plaintiff,**

v.                                                 No. 99cv1040 JC/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Aceves') Motion to Reverse or Remand the Administrative Decision, filed June 2, 2000.  The Commissioner of Social Security issued a final decision denying Aceves' application for disability insurance benefits.  The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand is well taken and recommends that it be GRANTED.

Aceves, now forty-seven years old, filed his application for a period of disability and disability insurance benefits on August 21, 1995, alleging a disability which commenced June 1, 1994, due to neck, arm and back pain and somatoform disorder.[1]  He has a third grade education which he received in Mexico and past relevant work as a cook.  The Commissioner denied Aceves' application for disability insurance benefits both initially and on reconsideration.

---

[1] Somatoform disorders are a group of psychiatric disorders characterized by physical symptoms that suggest but are not fully explained by a physical disorder and that cause significant distress or interfere with social, occupational or other functioning.  *The Merck Manual* 1508(17th ed. 1999).

After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Aceves had a severe medical impairment of neck injury for which he underwent a C6-7 anterior discectomy and fusion. Tr. 10. However, the ALJ found that, although this impairment had more than a minimal effect on his ability to work, it did not meet or equal in severity any of the disorders described in the Listing of Impairments. Tr. 11. As to the somotform disorder, the ALJ found "claimant has not received psychological treatment nor has such treatment been suggested." *Id.* Therefore, the ALJ found Aceves had failed to establish a severe mental or emotional impairment which had more than a minimal effect on his ability to work. *Id.* After finding Aceves' testimony did not credibly establish symptoms or functional limitations to the extent alleged, the ALJ found Aceves had the residual functional capacity (RFC) for at least light work on a sustained basis. Accordingly, the ALJ found Aceves was therefore not disabled within the meaning of the Social Security Act and not entitled to disability insurance benefits. On July 23, 1999, the Appeals Council denied Aceves' request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Aceves seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand the administrative decision, Aceves makes the following arguments: (1) the ALJ failed to develop the record; (2) the ALJ erred in using the grids; (3) the ALJ failed to do a pain analysis; (4) the ALJ failed to accord the treating physician appropriate weight as required under Social Security Ruling 96-2p; (5) the ALJ failed to follow Social Security Ruling 96-3p when evaluating Aceves' severe mental impairment; (6) the ALJ erred in failing to use a vocational expert; and (7) the ALJ erred in his credibility determination.

3

The Court will first address Aceves' second argument.  Aceves contends the ALJ inappropriately relied on the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, Rule 202.16 (the grids) to find he was not disabled.  The Court agrees.  In *Thompson v. Sullivan*, 987 F.2d 1482 (10th Cir. 1993), the Court of Appeals held:

> 'The grids should not be applied conclusively in a particular case . . . unless the claimant could perform the full range of work required of the [RFC] category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range.  Moreover, resort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments.'  In that case, '[t]he grids may serve only as a framework to determine whether sufficient jobs remain within a claimant's range of residual functional capacity.'  The mere presence of a nonexertional impairment does not preclude reliance on the grids. The pain must interfere with the ability to work.

*Id*. at 1488 (internal citations omitted).  On December 5, 1995, at Aceves' counsel's request, Dr. Caldwell performed an independent medical evaluation and diagnosed Aceves with chronic pain syndrome with features of somatoform disorder.  Tr. 206.   Dr. Caldwell opined there was no medical basis for activity restrictions since Aceves' anterior disc surgery appeared to have healed well and there was no evidence of ongoing radiculopathy.  *Id.*  However, Dr. Caldwell did not address Aceves' somatoform disorder.  This was appropriate since Dr. Caldwell is an orthopedic surgeon and not a psychiatrist.

In somatoform disorders the physical symptoms or their severity and duration cannot be explained by an underlying physical condition.  *The Merck Manual* 1508-1512 (17th ed. 1999).  The somatoform disorders include somatization disorder, undifferentiated somatoform disorder conversion disorder hypochondriasis, pain disorder, body dysmorphic disorder, and somatoform disorder not otherwise specified.  *Id.*   It was error for the ALJ not to request a psychiatric consultative examination in order to properly address Aceves' mental impairment.  Therefore,

because Aceves complained of disabling pain and Dr. Caldwell suspected a mental impairment, the ALJ erred when he relied exclusively on the grids. On remand, the ALJ shall order a mental consultative examination, call a vocational expert, analyze Aceves' pain pursuant to *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), and link his credibility findings to the evidence.

## **RECOMMENDED DISPOSITION**

The ALJ's decision is not supported by substantial evidence and is contrary to law. Aceves' Motion to Reverse or Remand Administrative Decision should be granted. This case should be remanded to allow the ALJ to order a mental consultative examination, call a vocational expert, analyze Aceves' pain pursuant to *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), and link his credibility findings to the evidence.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.